IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | | |
|---|---|---|
| REGINALD WILLIAMS, | ) | |
| Petitioner, | ) | Case No. 2:04-CV-1106 DAK |
| | ) | |
| v. | ) | District Judge Dale Kimball |
| | ) | |
| CLINT FRIEL, | ) | **O R D E R** |
| | ) | |
| Respondent. | ) | Magistrate Judge Samuel Alba |

Petitioner, Reginald Williams, filed a § 2254 habeas corpus petition. See 28 U.S.C.S. § 2254 (2006). He raises a variety of issues, challenging both his state-court conviction and the execution of his sentence. Because Petitioner challenges the execution of his sentence, in addition to his underlying conviction and sentence, the Court construes his petition as one filed under § 2241 as well as § 2254. See id. § 2241. The Court denies this petition.

BACKGROUND

Petitioner was convicted of crimes and sentenced in Utah state court on May 27, 1986. On May 5, 1989, Petitioner's conviction and sentences were affirmed, with one minor reversal on a point irrelevant here.

In this Court, Petitioner poses the following challenges to his original conviction and sentencing: (1) his right to cross examine his accuser was violated; (2) he was charged with duplicitous and multiplicitous counts, an error which should have

been objected to by counsel; (3) he was the victim of "selective prosecution"; (4) he was not given a fair hearing; and (5) he was unfairly prejudiced by the exclusion of crucial evidence.

He further attacks the execution of his sentence, arguing: (1) the State has disregarded the United States and Utah Constitutions; (2) the Utah Board of Parole and Pardons (BOP) violated his rights to equal protection and due process in determining the length of his imprisonment; (3) Utah has violated the separation-of-powers doctrine by setting up the BOP as a judicial entity; and (4) Utah has explicitly set up its criminal system to discriminate on the basis of race and religion.

ANALYSIS

I. Section 2254 Claims

Petitioner's state conviction became final on August 3, 1989--which is apparently the deadline he missed for filing a petition for writ of certiorari with the United States Supreme Court. On that date, the one-year period of limitation began running on Petitioner's right to bring a federal habeas petition regarding his conviction and sentencing. Even so, Petitioner waited until more than fifteen years later, on December 3, 2004, to file his current federal habeas petition. By federal statute, that was more than fourteen years too late. See id. § 2244(d).

By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State

2

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). Equitable tolling is also available "'in rare and exceptional circumstances.'" *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). However, Petitioner explicitly states in his petition that he did not file a state post-conviction application, and he has not argued that any equitable circumstances rescue him from the period of limitation's effect.

Accordingly, the § 2254 issues in this Petition before the Court were filed well past the one-year period of limitation. And, neither statutory exceptions nor equitable tolling apply to save Petitioner from the period of limitation's operation. The Court therefore denies Petitioner's claims under § 2254.

## II. Section 2241 Claims

In its response to Petitioner's challenges to the execution of his sentence, the State argues that Petitioner's issues are unexhausted. The Court agrees with the State.

"A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000); see 28 U.S.C.S. § 2254(b) & (c) (2006). To exhaust his remedies, Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief. *See Picard v. Connor*, 404 U.S. 270, 275, 276, 92 S. Ct. 509, 512-

13 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *2-3 (10th Cir. Nov. 9, 1998). Petitioner maintains he never raised his claims in the state courts; his claims are thus unexhausted.

This Court has two options when a petition asserts only unexhausted claims. *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002) (citing 28 U.S.C.S. § 2254(b)(1)(A) (2006)). "First, it may dismiss the petition and allow the petitioner to return to state court to exhaust his claims. Second, it *may* deny the petition on the merits, notwithstanding the petitioner's failure to exhaust his state court remedies."[1] *Id.* (emphasis added) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 102 S. Ct. 1198, 1199 (1982); 28 U.S.C.S. § 2254(b)(2) (2006)); *see also Montez*, 208 F.3d at 866 (following policy of § 2254(b)(2) in § 2241 cases).

Section 2254(b) "'does not contain the standard for determining when a court should dismiss a petition on the merits instead of insisting on complete exhaustion.'" *Id.* at 1234 (quoting *Hoxsie v. Kerby*, 108 F.3d 1239, 1243 (10th Cir. 1997)). That section should therefore be read together with *Granberry v. Greer*, 481 U.S. 129, 107 S. Ct. 1671 (1987), which held that, if a court is satisfied that a habeas petition lacks merit, use of

---

[1] "As indicated by Congress' use of the word 'may,' the court has discretion whether to dismiss without prejudice or deny the petition on the merits under such circumstances." *Hamill v. Ferguson*, 937 F. Supp. 1517, 1522 n.1 (D. Wyo. 1996).

4

the exhaustion rule to dismiss the petition may merely result in futile state court litigation. See Moore, 288 F.3d at 1234 (citing Hoxsie, 108 F.3d at 1243; Granberry, 481 U.S. at 133). The Tenth Circuit has "observed that Lambrix v. Singletary, 520 U.S. 518, 524 (1997), suggests that in the interest of judicial economy, a court should deny a habeas petition that is *easily resolvable* against the petitioner on the merits rather than require complete exhaustion." Rudolph v. Galetka, No. 99-4207, 2000 WL 33407004, at *3 (D. Utah May 23, 2000). Other courts have described the dismissal of a petition on the basis of exhaustion rather than the merits as warranted when the petition "does not obviously lack merit," Mercadel v. Cain, 179 F.3d 271, 276 (5th Cir. 1999), or is not "patently frivolous," Goines v. Walker, 54 F. Supp. 2d 153, 155 (E.D.N.Y. 1999).

Considering the grounds for habeas relief raised here against the backdrop of § 2254(b)(2), the Court declines to use its discretion to dismiss this petition on the merits. See Rudolph, 2000 WL 33407004, at *3. First, it is not readily apparent to the Court that Petitioner has wholly failed to raise a "colorable federal claim[]."[2] See id. The Court therefore

---

[2] When dismissing an unexhausted petition on the merits under § 2254(b)(2), "it is the entire petition, rather than individual claims, that must be dismissed." Moore v. Schoeman, 288 F.3d 1231, 1234 (10th Cir. 2002). To dismiss this petition on the merits, then, this Court must be convinced that not one of Petitioner's claims is "colorable."

5

cannot say that Petitioner's claims obviously have no merit or are patently frivolous. *See id.*; *Mercadel*, 179 F.3d at 276; *Goines*, 54 F. Supp. 2d at 155. Moreover, resolution of Petitioner's claims would entail a review of Board of Pardons' records. *See Rudolph*, 2000 WL 33407004, at *3.

Accordingly, "the claims are not 'easily resolvable' against the petitioner." *Id.* (citing *Cowans v. Artuz*, 14 F. Supp. 2d 503, 507 (S.D.N.Y. 1998) (dismissing petition for failure to exhaust when district court could not determine claims' merits "without reviewing virtually the entire trial and appellate record")). And, "it is appropriate that [P]etitioner's . . . claim[s] be heard by a . . . [s]tate court before this Court passes on [them]." *Goines*, 54 F. Supp. 2d at 157.

CONCLUSION

IT IS THEREFORE ORDERED that Petitioner's habeas corpus petition under § 2241 is denied.

DATED this 24th day of March, 2006.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

6